NOT FOR PRINT OR
ELECTRONIC PUBLICATION

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 0 4 2007
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DENISE P. JACKSON,

        Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF
EDUCATION and UNITED FEDERATION OF
TEACHERS (NEW YORK),

        Defendants.

----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

1:06-cv-6173-ENV-LB

VITALIANO, D.J.

*Pro se* plaintiff Denise P. Jackson ("Jackson") brings this action against defendants New York City Department of Education ("DOE") and United Federation of Teachers (New York) ("UFT"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA"). Defendant UFT now moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, UFT's motion to dismiss the claims against it is granted and those claims are dismissed without prejudice to Jackson filing an amended complaint that adequately states a claim within 30 days.

## Background

Jackson, a former probationary teacher with DOE, alleges that her supervisors at Paul

Robeson High School discriminated against her on account of her race, religion, and age by harassing her, firing her, and seeking to have her teaching certification revoked. The complaint specifically alleges that DOE's teacher evaluation process was unfairly applied in Jackson's case. She alleges that her employer frequently observed her teaching, observed her teaching on days when students were not at their best, and allowed unqualified teachers to observe her. She claims that one superior's observations amounted to stalking. She also claims that she was set up for failure in other ways. Her superiors took away her classes and bathroom privileges. They also forbade her from using a particular curriculum and refused to display her students' work in a school-wide forum. Eventually, the school gave Jackson poor ratings and asked her to leave. When she complained about the harassment, Jackson claims that "[t]he principal gave me a prayer, mocking my religion and God." (Compl. at 6.)

Jackson claims that UFT, which is her union, failed to properly record, address, and file grievances that she presented, failed to assist in resolving disputes between her and her employer, and generally failed to work on her behalf. She alleges that "UFT also forged my signature on March 7, 2006, misrepresenting that I was still employed and aware of the attempts to revoke my licenses and certification to teach in New York City." (Compl. at 3.) Finally, Jackson alleges that union representatives told her, as recently as the winter of 2006, that she could return to work if she ceased and desisted in her complaint. In opposing UFT's motion to dismiss, Jackson elaborates as follows:

> There is ample documentation and evidence that substantiates not only a duty of fair representation, which the United Federation of Teachers (New York) has clearly exhibited; it also exhibited legitimizing the unfair practices of an organization which it is

2

> contracted to guard against as well as, duplicity and complicity with this same organization.

(Pl.'s Mem. ¶ 5.)

## Discussion

Federal Rule of Civil Procedure 12(b)(6) allows a district court to grant a motion to dismiss for failure to state a claim only if the claim is not legally feasible or if it appears beyond doubt that the nonmoving party could prove no set of facts that would entitle it to relief. United States v. The Baylor Univ. Med. Ctr., 469 F.3d 263, 267 (2d Cir. 2006); Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . ." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). A plaintiff's complaint satisfies the pleading standard by including a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For purposes of a motion to dismiss, all allegations contained within a plaintiff's complaint are assumed to be true, and all inferences are drawn in the plaintiff's favor. Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 283 (2d Cir. 2005); Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp., 369 F.3d 27, 30 (2d Cir. 2004). In addition to the complaint, in deciding a Rule 12(b)(6) motion, a court may also consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002);

Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir.2000); Int'l Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam); Ramos v. New York City Dep't of Corrections, No. 05-cv-223, 2006 WL 1120631, at *2 (E.D.N.Y. Apr. 26, 2006).

Where, as here, a plaintiff proceeds *pro se*, a court must liberally construe the pleadings, interpreting them to raise the strongest arguments suggested. Abbas v. Dixon, ___ F.3d ___, 2007 WL 603102, at *2 (2d Cir. Feb. 28, 2007) (citing Weixel v. Board of Educ. of New York, 287 F.3d 138, 146 (2d Cir. 2002)). The Second Circuit has made clear that "dismissal on the pleadings never is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory." Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005). *Pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover" and it is thus "enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim." Id. at 130. This loose standard "enables the legally unsophisticated plaintiff to get his foot in the courthouse door." Walters v. Edgar, 163 F.3d 430, 437 (7th Cir. 1998).

Even applying the most liberal of pleading standards, Jackson's complaint fails to state a cognizable claim against UFT or to give UFT notice of any type of discrimination that it is alleged to have engaged in. Jackson's complaint is a pre-printed legal form on which she asserts, by checking boxes, that "defendant(s)" discriminated against her based upon her race, religion, and age. Yet, the complaint in no way particularizes which type(s) of discrimination is applicable to each defendant, and no facts are alleged with regard to UFT that would give rise to even a plausible inference that it may have discriminated against Jackson on the basis of age

and/or race and/or religion. Essentially, all that the complaint alleges is that UFT failed to adequately act on Jackson's behalf in her grievance process against DOE.[1]

A claim of discrimination requires more.[2] Even though the pleading standard is a liberal one for employment discrimination claims (especially for *pro se* litigants), a complaint must still put forth some minimal facts that support conclusory allegations of discrimination. Ramos, 2006 WL 1120631, at *7; Yusuf v. Vassar Coll., 35 F.3d 709, 713 (2d Cir. 1994) ("In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent."). This is especially the case where, as here, a plaintiff claims that multiple defendants engaged in multiple types of discrimination. Without clarification, a defendant has no idea of what it is defending against.

If Jackson decides to bring an amended complaint against UFT, she must give a short and plain statement: (i) specifically identifying the type(s) of discrimination she alleges against UFT; (ii) identifying, as best as possible, the factual bases of her allegation of discrimination against UFT; and (iii) indicating that she has exhausted any administrative remedies that may apply. To be very clear, to sustain a Title VII claim against a labor union, a plaintiff must show "(1) that the Union Defendants breached their duty of fair representation by allowing an alleged breach to go

---

[1] Fair representation claims are typically addressed in a suit under the Labor Management Relations Act, 29 U.S.C. § 185 et seq. ("LMRA"), but courts in this circuit have "repeatedly held that the LMRA's jurisdictional grant does not permit fair representation suits by New York City teachers against the UFT." Harris v. United Fed'n of Teachers, No. 02-cv-3257, 2002 WL 1880391, at *1 (S.D.N.Y. Aug. 14, 2002); Tropeano v. City of New York, No. 06-cv-2218, 2006 WL 3337514, at *5 (E.D.N.Y. Oct. 31, 2006).

[2] Similarly, there are no facts alleged against UFT that would conceivably support a retaliation claim.

5

unrepaired and (2) that the Union Defendants' actions were motivated by [discriminatory] animus." Doolittle v. Ruffo, No. 88-cv-1175, 1996 WL 159850, at *4 (N.D.N.Y. Mar. 27, 1996); Schaefer v. Erie County Dep't of Soc. Servs., 82 F. Supp. 2d 114, 118 (W.D.N.Y. 2000); Nweke v. Prudential Ins. Co. of Am., 25 F. Supp. 2d 203, 221 (S.D.N.Y. 1998); Morris v. Amalgamated Lithographers of Am., 994 F. Supp. 161, 170 (S.D.N.Y. 1998); 29 U.S.C. § 623(c)(1) (ADEA).

## Conclusion

For the foregoing reasons, UFT's motion to dismiss the claims against it, pursuant to Federal Rule of Civil Procedure 12(b)(6), is granted without prejudice to Jackson refiling an amended complaint that sufficiently states a claim within 30 days of the date of this Memorandum and Order.[3]

**SO ORDERED.**

Dated: Brooklyn, New York
April 3, 2007

ERIC N. VITALIANO
United States District Judge

---

[3] This Memorandum and Order does not address any of plaintiff's potential state law claims against UFT, as the Court will not exercise supplemental jurisdiction over a state law claim against UFT in the absence of a live federal claim against it. See 28 U.S.C. § 1367(c)(3).