NOT FOR PRINT OR
ELECTRONIC PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DENISE P. JACKSON,

                Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF
EDUCATION and UNITED FEDERATION OF
TEACHERS (NEW YORK),

                Defendants.

-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

1:06-cv-6173-ENV-LB

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 26 2007
TIME A.M.

VITALIANO, D.J.

*Pro se* plaintiff Denise P. Jackson ("Jackson") brought this action against defendants New York City Department of Education ("DOE") and United Federation of Teachers (New York) ("UFT"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et seq. ("ADEA"). Defendant UFT moved on March 12, 2006 to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). By Memorandum and Order, dated April 3, 2007, this Court dismissed the claims against UFT without prejudice to Jackson filing an amended complaint; the original complaint failed to allege any facts that would support a claim against UFT. Jackson filed an amended complaint on April 18, 2007, and UFT has renewed its motion to dismiss. The Court again grants UFT's motion – this time, with prejudice – as plaintiff has failed to state a claim and

to exhaust administrative remedies.

## Background

Jackson, a former probationary teacher with DOE, alleges that her supervisors at Paul Robeson High School discriminated against her on account of her race, religion, and age by harassing her, firing her, and seeking to have her teaching certification revoked. Jackson's original complaint claimed that UFT, which is her labor union, failed to properly record, address, and file grievances that she presented, failed to assist in resolving disputes between her and her employer, and generally failed to work on her behalf. She alleged that "UFT also forged my signature on March 7, 2006, misrepresenting that I was still employed and aware of the attempts to revoke my licenses and certification to teach in New York City." Compl. at 3. In its Memorandum and Order of April 3, 2007, this Court found that plaintiff's complaint failed to specify the type of discrimination, if any, Jackson was alleging against UFT. The Court instructed Jackson that her amended complaint against UFT "must give a short and plain statement: (i) specifically identifying the type(s) of discrimination she alleges against UFT; (ii) identifying, as best as possible, the factual bases of her allegation of discrimination against UFT; and (iii) indicating that she has exhausted any administrative remedies that may apply." Mem. & Order, Apr. 3, 2007, at 5.

Jackson subsequently filed an amended complaint alleging that UFT conspired with DOE to replace her with "either a younger white teacher having not as much experience, expertise and education as [Jackson] or . . . a much younger black teacher lacking the same experience, expertise and education as the aforementioned younger white teacher." Amended Compl. at 3.

2

Jackson conclusorily alleges that UFT engaged in bribery, forgery, and lies to a federal agency, all apparently in furtherance of the claimed conspiracy. Jackson adds that UFT provided her with "misguided, faulty representation," at the request of DOE. Id. The amended complaint concludes that "[f]rom the non-reporting to the under-reporting of my grievances; from the limited follow-up to the no follow-up, at all; from the bribery and forgery to the lying to a federal agency, yes, I would say that the UFT not only allowed breaches to go unrepaired, they participated and assisted in these breaches' construction." Id.

## Discussion

Federal Rule of Civil Procedure 12(b)(6) allows a district court to grant a motion to dismiss for failure to state a claim where the plaintiff's claim is not legally feasible. Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . ." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). The complaint must present "enough facts to state a claim to relief that is plausible on its face"; it must be "above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965, 1974 (May 21, 2007). For purposes of a motion to dismiss, all allegations contained within a plaintiff's complaint are assumed to be true, and all inferences are drawn in the plaintiff's favor. Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 283 (2d Cir. 2005); Ontario Pub. Serv. Employees Union Pension Trust Fund v. Nortel Networks Corp., 369 F.3d 27, 30 (2d Cir. 2004). In addition to the complaint, in deciding a Rule 12(b)(6) motion, a

court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); Int'l Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam); Ramos v. New York City Dep't of Corr., No. 05-cv-223, 2006 WL 1120631, at *2 (E.D.N.Y. Apr. 26, 2006).

Where, as here, a plaintiff proceeds *pro se*, a court must liberally construe the pleadings, interpreting them to raise the strongest arguments suggested. Abbas v. Dixon, 408 F.3d 636, 639 (2d Cir. 2007) (citing Weixel v. Board of Educ. of New York, 287 F.3d 138, 146 (2d Cir. 2002)). The Second Circuit has made clear that "dismissal on the pleadings never is warranted unless the plaintiff's allegations are doomed to fail under any available legal theory." Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005). *Pro se* litigants "cannot be expected to know all of the legal theories on which they might ultimately recover" and it is thus "enough that they allege that they were injured, and that their allegations can conceivably give rise to a viable claim." Id. at 130. This standard "enables the legally unsophisticated plaintiff to get his foot in the courthouse door." Walters v. Edgar, 163 F.3d 430, 437 (7th Cir. 1998).

I. *Exhaustion*

"To sustain a claim for unlawful discrimination under Title VII and/or the ADEA, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts." Flaherty v. Metromail Corp., 235 F.3d 133, 136 n.1 (2d Cir. 2000); Holtz v. Rockefeller & Co, Inc., 258 F.3d 62, 82-83 (2d Cir. 2001); 42 U.S.C. § 2000e-5(e) (Title VII);

29 U.S.C. § 626(d) (ADEA). The exhaustion requirement "functions as a statute of limitations." Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998) (quoting Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996)). Jackson does not dispute that her EEOC charge of discrimination, dated March 28, 2006, and her EEOC right-to-sue letter, dated August 30, 2006 – both of which she submitted with her complaint – fail to name UFT in any way, shape, or form.

In Johnson v. Palma, 931 F.2d 203 (2d Cir. 1991), the Second Circuit recognized an "identity of interest" exception to the exhaustion requirement that "permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." Id. at 209. In determining whether the exception applies, courts consider four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Id. at 209-10 (quoting Glus v. G.C. Murphy Co., 562 F.2d 880, 888 (3d Cir. 1977)).

An employee's labor union and his employer are, in almost all cases, completely distinct entities with differing interests that could not be confused, and the Second Circuit has affirmed dismissals in cases where a plaintiff failed to allege any facts that would suggest otherwise. See

5

Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620 (2d Cir. 1999); Johnson, 931 F.2d at 210. Indeed, "courts in this circuit consistently have held that unions and employers lack the 'clear identity of interest' required to waive the Title VII and ADEA filing requirements." Wells v. Mount Vernon Hosp., No. 01-cv-9129, 2002 WL 1561099, at *3 (S.D.N.Y. Jul. 15, 2002); see, e.g., Turner v. Davidson/Gilmour Pipe Supply, No. 04-cv-3278, 2006 WL 1652613, at *5 (E.D.N.Y. Jun. 14, 2006); Marshall v. Nat'l Assoc. of Letter Carriers BR36, No. 03-cv-1361, 2003 WL 22519868, at *11 (S.D.N.Y. Nov. 7, 2003); Schaefer v. Erie County Dep't of Soc. Servs., 82 F. Supp. 2d 114, 117 (W.D.N.Y. 2000).

This case presents no exception to the general rule. When Jackson filed her EEOC discrimination charge against DOE on March 28, 2006, most of the events giving rise to her claims against UFT had already occurred – she had lodged a number of grievances that were not allegedly filed, recorded, and acted upon. These acts are distinct from DOE's alleged discriminatory acts, and had Jackson desired to bring a separate charge against UFT for its failures in representation, she could have done so. Jackson's allegations show no identity of interest between the UFT and DOE, and it is clear that Jackson's discrimination charge against DOE put neither defendants nor the EEOC on notice that Jackson intended to also sue UFT. In conclusion, then, there is absolutely no basis for this Court to waive the requirement that Jackson file an administrative charge against UFT before pursuing a Title VII or ADEA claim. Since more than 300 days have passed since the last of UFT's alleged discriminatory acts, Jackson has forfeited her right to bring suit against UFT under Title VII and the ADEA.

II.   *Failure to State a Claim*

Even had Jackson exhausted her administrative remedies, her amended complaint would still fail to state a claim against UFT. To sustain a Title VII claim against a labor union, a plaintiff must show "(1) that the Union Defendants breached their duty of fair representation by allowing an alleged breach to go unrepaired and (2) that the Union Defendants' actions were motivated by [discriminatory] animus." Doolittle v. Ruffo, No. 88-cv-1175, 1996 WL 159850, at *4 (N.D.N.Y. Mar. 27, 1996); Schaefer v. Erie County Dep't of Soc. Servs., 82 F. Supp. 2d 114, 118 (W.D.N.Y. 2000); Nweke v. Prudential Ins. Co. of Am., 25 F. Supp. 2d 203, 221 (S.D.N.Y. 1998); Morris v. Amalgamated Lithographers of Am., 994 F. Supp. 161, 170 (S.D.N.Y. 1998); 29 U.S.C. § 623(c)(1) (ADEA).

The amended complaint speaks only in general terms about a conspiracy between UFT and DOE, and Jackson fails to put forth any facts that would suggest the existence of a conspiracy. Just as deficient as Jackson's failure to plead a conspiracy claim with any specificity is her continued failure to specify what type of discrimination she is alleging against UFT and her reasons for believing that she has been the victim of unlawful discrimination. Rather than dismiss the first complaint outright, this Court gave Jackson an opportunity to address her failure to adequately allege discrimination. Nonetheless, the amended complaint again fails to explain whether UFT's unspecified discriminatory acts were taken because of Jackson's race, age, or religion; she presents no facts that would give rise to even a plausible inference that UFT may have discriminated against her on any of these bases. Jackson addresses the issue only by stating that "the discriminatory animus motivated the UFT's actions because they were in agreement

7

with the NYCDOE in deciding to give my position to either a younger white teacher having not as much experience, expertise and education as [Jackson] or . . . a much younger black teacher lacking the same experience, expertise and education as the aforementioned younger white teacher." Amended Compl. at 3. This is not enough. While this Court construes *pro se* complaints liberally, it will not engage in speculation to save a complaint that clearly fails to state a claim. Even though the pleading standard is a liberal one for employment discrimination claims (especially for *pro se* litigants), a complaint must still put forth some minimal facts that support conclusory allegations of discrimination. Ramos, 2006 WL 1120631, at *7; Yusuf v. Vassar Coll., 35 F.3d 709, 713 (2d Cir. 1994) ("In order to survive a motion to dismiss, the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent."). A defendant must be apprised of why it is being hailed into court. The Court concludes, then, that Jackson's claim against UFT would fail even if she had exhausted her administrative remedies.[1]

III.     *Plaintiff May Not Sue UFT Under the Labor Management Relations Act*

Even if this Court were to construe Jackson's complaint to allege that UFT has breached its duty of fair representation under the Labor Management Relations Act, 29 U.S.C. § 185 et seq. ("LMRA"), she would still have no federal claim. Courts in this circuit have "repeatedly held that the LMRA's jurisdictional grant does not permit fair representation suits by New York City teachers against the UFT." Harris v. United Fed'n of Teachers, No. 02-cv-3257, 2002 WL 1880391, at *1 (S.D.N.Y. Aug. 14, 2002); Tropeano v. City of New York, No. 06-cv-2218, 2006

---

[1] Similarly, there are no facts alleged against UFT that would conceivably support a retaliation claim.

8

WL 3337514, at *5 (E.D.N.Y. Oct. 31, 2006).

## Conclusion

For the foregoing reasons, UFT's motion to dismiss the claims against it, pursuant to Federal Rule of Civil Procedure 12(b)(6), is granted with prejudice. The Court will not entertain any of plaintiff's potential state law claims against UFT in the absence of a live federal claim against it. Discovery on plaintiff's claims against DOE shall proceed forthwith.

**SO ORDERED.**

Dated: Brooklyn, New York
June 24, 2007

ERIC N. VITALIANO
United States District Judge

9