06 Civ. 6173 (ENV) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DENISE P. JACKSON,

                                            Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                            Defendant.

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR
SUMMARY JUDGMENT**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-140
New York, NY 10007-2601

*Of Counsel:* Carolyn Walker-Diallo
    *Tel:* (212) 788-0868

Law Dep't No. 2006-013336

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 3 |
|     POINT I | 3 |
|     RETALIATION CLAIMS ACCRUING BEFORE JUNE 1, 2005, ARE TIME-BARRED. | 3 |
|     POINT II | 4 |
|     PLAINTIFF CANNOT ESTABLISH A CAUSE OF ACTION FOR RETALIATION. | 4 |
|         A.  The Summary Judgment Standard. | 4 |
|         B.  Plaintiff Cannot Establish a *Prima Facie* Case of Retaliation. | 5 |
| CONCLUSION | 8 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DENISE P. JACKSON,

                                      Plaintiff,          06 CV 6173 (ENV) (LB)

                         -against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                                    Defendant.

------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

Plaintiff, who self-identifies as an African American female over the age of forty, brings this action alleging that she was discriminated against and terminated from her position as a probationary English teacher and that her teaching license was revoked in retaliation for appealing her June 2005 unsatisfactory rating and for filing discrimination and retaliation complaints with the Equal Employment Opportunity Commission ("EEOC").

Defendants now move for summary judgment. First, in her complaint, plaintiff alleges discrete incidents of discrimination and/or retaliation, which occurred more than 300 days prior to the filing of her EEOC charge of discrimination on March 28, 2006. Thus, all such claims that occurred before June 1, 2005 are time-barred. Second, plaintiff's discrimination complaints were previously dismissed by this Court in the matter Jackson v. Paul Robeson High School, et al, 06 CV 1255. The Second Circuit affirmed the decision. Thus, these claims must be dismissed.

Moreover, after plaintiff's time-barred claims are eliminated the only remaining retaliation claims are plaintiff's assertion that: (1) her probationary service was discontinued in

June 2005; (2) the decision was affirmed in August 2005; (3) she was placed on the ineligible list in February 2006; (4) the decision to discontinue her was reaffirmed in July 2006; and (5) her teaching license was revoked in August 2006 - all account of her appealing her unsatisfactory rating and filing charges of discrimination and retaliation with the EEOC.

However, plaintiff cannot establish a *prima facie* case of retaliation because plaintiff fails a causal connection between her charges of discrimination and retaliation with the EEOC, and the decision to discontinue her probation in August 2005, to place her on the ineligible list in February 2006, to reaffirm her discontinuance of probation in July 2006, and to revoke her New York City teaching license in August 2006. In fact, plaintiff does not provide any evidence that the individuals who made the decision to discontinue her probationary service or to terminate plaintiff's New York City teaching license were even aware of her charge of discrimination and retaliation with the EEOC. Thus, summary judgment in favor of the defendant should be granted.

## STATEMENT OF FACTS

The Court is respectfully referred to defendant's Statement of Undisputed Facts Under Local Civil Rule 56.1, dated July 15, 2008 ("56.1 Statement"), the Declaration of Carolyn Walker-Diallo, dated July 15, 2008 ("Walker-Diallo Decl.") and the supporting evidence cited to therein for a statement of pertinent and material facts.

## ARGUMENT

### POINT I

### RETALIATION CLAIMS ACCRUING BEFORE JUNE 1, 2005, ARE TIME-BARRED.

Under Title VII and the Age Discrimination in Employment Act ("ADEA"), a plaintiff may only assert claims involving acts alleged to have occurred within 300 days of filing a discrimination complaint with a state or local agency. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d) (2); National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Plaintiff filed a charge of discrimination with the EEOC on or about April 25, 2005 and a charge of retaliation on or about March 28, 2006. See EEOC Charges, Exhibits "5" and "7" to the Walker-Diallo Decl.[1]

In a previous action, Jackson v. Paul Robeson High School, et al., 06 CV 1255, plaintiff brought alleging that that she had been discriminated against on account of her race, color, religion and age. See Complaint, Exhibit "3" to the Walker-Diallo Decl. However, in August 2005, defendants moved to dismiss that Complaint on the grounds that plaintiff failed to file the lawsuit within 90 days of receiving the right to sue letter from the EEOC and that plaintiff failed to state a claim upon which relief could be granted. By order dated December 6, 2006, this Court granted defendants' motion to dismiss. See Order, Exhibit "4" to the Walker-Diallo Decl. Thus, any claims plaintiff have in this lawsuit related to her April 25, 2005 charge of discrimination are not only time-barred but have been previously dismissed by this Court.

---

[1] Unless otherwise noted, all references to Exhibits are to the numbered exhibits annexed to Declaration of Carolyn Walker-Diallo, dated July 15, 2008 ("Walker-Diallo Decl.").

As such, in the instant matter, plaintiff can only raise claims of retaliation which occurred after June 1, 2005, 300 days before she filed her charge of retaliation with the EEOC on March 28, 2006. Thus, the only remaining claims are plaintiff's assertion that she was retaliated against when: (1) her probationary service was discontinued June 2005; (2) the decision to affirm her discontinuance was made in August 2005; (3) she was placed on the ineligible list in February 2006; (4) the decision to reaffirm her discontinuance was made in July 2006; and (4) the decision to revoke her New York City teaching license was made in August 2006.

## POINT II

### PLAINTIFF CANNOT ESTABLISH A CAUSE OF ACTION FOR RETALIATION.

#### A. The Summary Judgment Standard.

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant is not, however, required to present evidence negating the element of the other party's case and can simply point to an absence of evidence on an issue on which the non-movant bears the burden of proof. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party bears the initial burden of going forward to show that there is no genuine issue of material fact, once that burden has been met, the non-moving party cannot rely on conclusory allegations or speculation. Rather, the non-moving party must set forth specific facts indicating that a genuine issue of fact exists to defeat the motion for summary judgment. See Wright v. Coughlin, 132 F.3d 133, 137 (2d Cir. 1998). "Statements that are devoid of any specifics, but replete with conclusions, are

insufficient to defeat a properly supported motion for summary judgment." Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2d Cir. 1999).

**B.     Plaintiff Cannot Establish a *Prima Facie* case of Retaliation.**

Plaintiff claims that she was retaliated against because she appealed her unsatisfactory rating and because she filed a complaints of discrimination and retaliation with the EEOC on April 25, 2005 and March 28, 2006. To establish a *prima facie* case of retaliation a plaintiff must show: (1) participation in a protected activity that is known to the defendant, (2) an employment decision or action disadvantaging the plaintiff, and (3) a causal connection between the protected activity and the adverse decision. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708 713 (2d Cir. 1996); See Burlington Northern & Santa Fe Ry. v. White, 126 S. Ct. 2405, 2409 (2006)("The employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.").

First, plaintiff cannot demonstrate that grieving her unsatisfactory lesson observation or appealing her unsatisfactory end of year observation is a protected activity. On or about June 7, 2005, plaintiff submitted a Step I Grievance form. See Exhibit "10" to the Walker-Diallo Decl. On or about June 23, 2005, plaintiff appealed the end of year unsatisfactory rating. See Plaintiff's Complaint. However, the submission of the grievance form and the filing of an appeal is not a protected activity, as protected activity typically takes the form of the filing of a lawsuit or of a formal complaint with an agency. See, e.g., Johnson v Palma, 921 F.2d 203, 207 (1991); Hollander v. American Cynamid Co., 895 F.2d 80, 85 (2d Cir. 1990); DeCintio v. Westchester County Medical Center, 821 F.2d 111, 115 (2d Cir. 1987). Plaintiff's grievance that was allegedly submitted after June 7, 2005 and her appeal of her unsatisfactory rating do not allege that she believed she was being discriminated against or harassed on account of her race, religion, color, or age. Even if plaintiff could establish that the filing of the grievance was

protected activity, plaintiff cannot establish a causal connection between the activity and her termination. Since March 2004, plaintiff had been informed that the administrators at Paul Robeson High school had serious issues about her instructional capabilities. Plaintiff did not take the actions necessary to rectify her teaching deficiencies. As a result, plaintiff's probationary service was discontinued and her license was revoked. This is an end to plaintiff's case.

Furthermore, plaintiff cannot create a causal connection between any of her EEOC charges, Dr. Peek-Davis' decision to affirm the discontinuance in August 2005 and to reaffirm the discontinuance in July 2006, and the DOE's decision to terminate her license pursuant to Chancellor Regulation 31. First, plaintiff admits that Principal Weston, who rated her unsatisfactory for the 2004-2005 academic school year, did not discriminate against her. See Pl. Tr. 127:8. Thus, any claim that her end of year satisfactory rating was in retaliation for her filing the April 2005 EEOC charge or her grievance is without merit.

Second, plaintiff fails to demonstrate that Community Superintendent Jacqueline Peek-Davis, who discontinued plaintiff's service was aware of the March 28, 2006 EEOC Complaint when she reaffirmed her discontinuance of probation on July 11, 2006. Nor can plaintiff demonstrate that Lawrence Becker or Andres Alonso, the individuals who informed her that she was placed on the ineligible list and that her licenses were revoked were aware of the March 28, 2006 complaint.

The Supreme Court has held that where there is evidence that the employer was considering the adverse employment action before any protected activity, an employer's "proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 272 (2001)

(addressing the causation prong in the analogous context of Title VII retaliation claims). Here, defendant had a legitimate non-discriminatory reason for terminating plaintiff's probationary employment. Plaintiff was rated unsatisfactory three times from October 2004 to March 2005, well before she filed her first charge of discrimination in April 2005. Moreover, by the time Dr. Peek-Davis made her determination, plaintiff had been given a total of six unsatisfactory ratings, sufficient to serve as a legitimate, non-discriminatory reason for Dr. Peek-Davis to affirm Principal Weston's recommendation for discontinuance of plaintiff's probationary service. See Exhibits "E," "K," "L," "Q," "R," "S," to the Declaration of Mary McKenna Rodriguez, dated July 15, 2008. Thus, as plaintiff cannot make a causal connection between her protected activities and the decision to discontinue her probation and terminate her New York City teaching license, her retaliation claim must be dismissed.

## CONCLUSION

For the reasons set forth above, defendant respectfully requests that the Court issue an order granting its motion for summary judgment, dismissing the complaint in its entirety with prejudice, entering judgment for defendant, and granting defendant costs, fees, and disbursements together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 15, 2008

                              **MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-140
New York, New York 10007-2601
(212) 788-0868

By: _____
      Carolyn Walker-Diallo
      Assistant Corporation Counsel