UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DENISE P. JACKSON,

                                    Plaintiff,

- against -

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                    Defendant.
-------------------------------------------------------------------x

**DEFENDANT'S LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

06 CV 6173 (ENV) (LB)

      Pursuant to Local Rule 56.1 of the Civil Rules of United States District Court for the Eastern District of New York, Defendant, the New York City Department of Education ("DOE") submits this Statement of Material Facts as to which it contends there are no genuine issues to be tried:

      1.      Plaintiff, a former probationary teacher with the DOE, brings this action alleging that her probationary service was discontinued because she appealed her June 2005 unsatisfactory rating and filed charges of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on April 25, 2005 and March 28, 2006. See plaintiff's complaint, dated November 15, 2006 ("Compl.") Exhibit "1."[1]

## A. Background

      2.      In or around March 2003, plaintiff began working as a probationary English teacher at Paul Robeson High School. See Plaintiff's Deposition Transcript ("Pl. Tr.") 36:13-24, Exhibit "2" to the Walker-Diallo Decl.

---

[1] Unless otherwise indicated, all references to numbered "Exhibits" are to the numbered exhibits annexed to the declaration of Carolyn Walker-Diallo, dated July 15, 2008.

3. Plaintiff's immediate supervisor was Assistant Principal Barbara Gatti. See id. at 40:10-16.

4. Plaintiff also worked with Toby Ratz, Assistant Principal of Instructional Support Services to teach the NCEE Ramp Up to Literacy class. See id. at 68:8-10.

5. Ramp Up Literacy is a program "designed to accelerate the academic achievement of middle and high school students who read up to two years (but not lower) below grade level." See Exhibit "9" to the Walker-Diallo to the Decl.

6. On or about October 30, 2003, AP Gatti observed plaintiff teaching an English Class and gave plaintiff a satisfactory rating. See October 30, 2003 Observation report, Exhibit "A" to the McKenna Rodriguez Decl.[2] After providing suggestions to plaintiff, AP Gatti noted that she looked "forward to continuing to work with [plaintiff] to hone [her] skills in the classroom and add to [her] bag of pedagogical methodologies. See id.

7. In early February 2004, plaintiff received a counseling memorandum for her failure to adhere to the NYC Standardized Curriculum. Specifically, AP Gatti informed plaintiff of the requirement to implement the NCEE Ramp Up to Literacy Curriculum. See Counseling Memorandum, Exhibit "B" to the McKenna Rodriguez Decl.

8. On or about March 30, 2004, AP Gatti observed plaintiff teaching a Ramp Up to Literacy class. While plaintiff received a satisfactory lesson, AP Gatti noted that the lesson was "minimally satisfactory," as there was "little evidence of student engagement or assessment" in the classroom. See March 30, 2004 Observation report, Exhibit "C" to the

---

[2] Unless otherwise indicated, all references to lettered "Exhibits" are to the numbered exhibits annexed to the declaration of Mary McKenna Rodriguez, dated July 15, 2008.

McKenna Rodriguez Decl. AP Gatti suggested that plaintiff "meet with [her] and the other Ramp Up Teachers to provide a consistency of instruction for [plaintiff's] students. See id.

9. Thus, to provide plaintiff an opportunity to improve on her pedagogical practices, AP Gatti rated plaintiff satisfactory for the 2003-2004 academic school year. See 2003-2004 Observation Report, Exhibit "D" to the McKenna Rodriguez Decl.

10. During the next school year, on or about October 28, 2004, AP Gatti once again observed plaintiff teaching a Ramp Up to Literacy class. Plaintiff's lesson was found to be unsatisfactory rating. See October 28, 2004 Observation Report, Exhibit "E" to the McKenna Rodriguez Decl. AP Gatti noted, among other things, that plaintiff had failed to properly prepare her students for the lesson. See id. AP Gatti recommended that she and plaintiff have weekly meetings to help plaintiff prepare her lessons. See id. AP Gatti also offered to arrange inter-visitations with other Ramp-Up teachers "so that [plaintiff could] share [] strategies and pedagogical techniques." See id. AP Gatti further offered to model a lesson for plaintiff, at plaintiff's request. See id.

11. Plaintiff failed to attend the weekly meetings.

12. By letter dated November 14, 2004, Toby Ratz, Assistant Principal of Instructional Support Services informed plaintiff that plaintiff's numerous absences made it difficult for her to effective plan class lessons for the students. See Letter dated November 14, 2004, Exhibit "F" to the McKenna Rodriguez Decl.

13. By letter dated November 15, 2004, AP Toby Ratz informed plaintiff that she must attend the regularly scheduled meetings that were designed to assist plaintiff with lesson planning. See Letter dated November 15, 2004, Exhibit "G" to the McKenna Rodriguez Decl.

14. By letter dated November 15, 2004, AP Gatti informed plaintiff that her failure to attend regularly scheduled meetings to go over her lesson plans made it "impossible for [plaintiff] and [AP Gatti] to work together on improving those aspects of [plaintiff's] lesson plan that [AP] Gatti found unsatisfactory during her visit to [plaintiff's] classroom on October 29, 2004." See Letter dated November 15, 2004, Exhibit "H" to the McKenna Rodriguez Decl.

15. By letter dated November 16, 2004 AP Gatti, reiterated that plaintiff must meet with her to review lesson plans concerning plaintiff's Ramp Up to Literacy class. See Letter dated November 16, 2004, Exhibit "I" to the McKenna Rodriguez Decl.

16. On or about December 22, 2004, AP Gatti observed plaintiff teaching an English class and rated her lesson unsatisfactory. AP Gatti noted that the lesson "lacked the basic criteria of a satisfactory lesson in that there was no rigor, accountable talk or critical thinking." See December 22, 2004 Observation report, Exhibit "K" to the McKenna Rodriguez Decl. AP Gatti also noted that she "did not see any aspects of accountable talk, critical thinking or ongoing assessment." See id. AP Gatti further noted that plaintiff failed to meet with her to review a revised lesson plan. AP Gatti advised that plaintiff should set up a "series of intervisitations with other teachers who are teaching senior English" so that plaintiff can observe how English classes should be conducted. See id.

17. On or about February 18, 2005, Principal Weston observed plaintiff teaching an English Public Speaking class and found plaintiff's lesson to be unsatisfactory. Principal Weston noted that "there was limited accountable talk and rigor in the lesson." See February 18, 2005, Exhibit "L" to the McKenna Rodriguez Decl. These were similar comments made by AP Gatti in plaintiff's December 2004 observation. See Exhibit "K."

18. By letter dated March 24, 2005, AP Gatti informed plaintiff that she wanted to meet with her on March 30, 2005, and on a weekly basis thereafter, to work on plaintiff's lesson plans and implementation. See Letter dated March 24, 2005, Exhibit "M" to the McKenna Rodriguez Decl. AP Gatti once again informed plaintiff that she wanted to discuss inter-visitations so that plaintiff could see other teachers in the department teach a class. See id.

19. On or about March 31, 2005, AP Gatti once again requested that plaintiff meet with her to address instructional concerns. See Letter dated March 31, 2005, Exhibit "N" to the McKenna Rodriguez Decl.; Letter dated April 4, 2005, Exhibit "O" to the McKenna Rodriguez Decl.

20. Plaintiff failed to attend the meetings.

21. By letter dated April 6, 2005, AP Gatti informed plaintiff that her failure to attend the previously noticed meetings constituted insubordination. See Letter dated April 6, 205, Exhibit "P" to the McKenna Rodriguez Decl.

22. As of April 2005, plaintiff had been observed three times by a number of administrators and rated unsatisfactory three times during the 2004-2005 academic school year. See Exhibits "E," "K," and "L."

23. On or about April 25, 2005, plaintiff filed a charge of discrimination alleging that she was discriminated against on account of her race, color, religion, national origin, age and disability. See Exhibit "5" to the Walker-Diallo Decl.

24. On or about May 17, 2005, Principal Weston observed plaintiff's English Public Speaking class and rated it unsatisfactory. See May 17, 2005 Observation Report, Exhibit "Q" to the McKenna Rodriguez Decl. Principal Weston once again noted that the lesson lacked, among other things, "academic rigor and accountable talk." See id.

25. On or about May 26, 2005, AP Gatti observed plaintiff's English "Ramp up To Literacy" class. AP Gatti rated the lesson unsatisfactory. See May 26, 2005 Observation, Exhibit "R" to the McKenna Rodriguez Decl. AP Gatti noted that throughout the school year, she had attempted to work with plaintiff to improve instruction such as: requesting that plaintiff meet with her to plan lessons and recommending that plaintiff visit the classroom of other teachers that were performing satisfactorily. See id. AP Gatti further noted that plaintiff's failure to accept AP Gatti's recommendations resulted in the students not meeting the rigorous standards set for them by the high school, thereby, resulting in plaintiff receiving an unsatisfactory rating.

26. On or about May 27, 2005, Regional Instructional Supervisor Hadiya Daniel-Wilkins observed plaintiff's English Public Speaking Class.

27. Ms. Daniel-Wikins rated the lesson unsatisfactory and concluded that plaintiff's probationary service be discontinued. See May 27, 2005 Observation, Exhibit "S" to the McKenna Rodriguez Decl.

28. Ms. Daniel-Wilkins noted that plaintiff did not have a lesson planned and inappropriately tried to convert an assault on a student at the school as a basis of her lesson. See id. Ms. Daniel Wilkins further noted that plaintiff's "pedagogical decisions were inappropriate, resulting in the misuse of students' academic time." See id.

29. On or about June 7, 2005, plaintiff filed a Step I Grievance alleging that in May 2005, AP Gatti and Ms. Daniel-Wilkins unfairly rated her during her class observations. See Exhibit "10" to the Walker-Diallo Decl.

30. On June 28, 2005, plaintiff was given an overall unsatisfactory rating for the year. See 2005 end of year performance observation, Exhibit "T" to the McKenna Rodriguez Decl.

31. To support this rating, Principal Weston outlined plaintiff's failure to perform satisfactorily in the critical areas of pupil guidance and instruction, as well as personal and professional qualities. See id.

32. Plaintiff appealed the unsatisfactory rating.

33. By letter dated July 28, 2005, Community Superintendent Dr. Jacqueline Peek-Davis informed plaintiff that she would be considering whether her services as a probationary teacher should be discontinued based on her unsatisfactory performance. See Letter, Exhibit "U" to the McKenna Rodriguez Decl.

34. On August 29, 2005, plaintiff's probationary service was discontinued. See Exhibit "V" to the McKenna Rodriguez Decl.

35. Plaintiff appealed the discontinuance of her probation.

36. On or about September 1, 2005, the Equal Employment Opportunity Commission ("EEOC") issued plaintiff a Right to Sue Letter concerning plaintiff's claims of race, age and national origin discrimination. See EEOC Right to Sue Letter, Exhibit "6" to the Walker-Diallo Decl. The EEOC stated that "the evidence fails to indicate that a violation of the law occurred and it is not likely that additional investigation will resulting our finding of a violation." See id..

37. Pursuant to Chancellor Regulation 31, the DOE can terminate a probationary teacher's license or certificate if the employee's probationary service has been

discontinued for acts such as incompetence, inefficient service, or rendering the teacher unfit to perform her duties. See Regulation, Exhibit "CC" to the McKenna Rodriguez Decl.

38. At the time plaintiff's probationary service was discontinued, plaintiff's lessons had been rated unsatisfactory six times and plaintiff had been given several opportunities to correct the deficiencies in her teaching and lesson planning. See Observation Reports dated October 28, 2004, December 22, 2004, February 18 2005, May 17, 2005, May 26, 2005, May 27, 2005, Exhibits "E," "K," "L," "Q," "R," "S," to the McKenna Rodriguez Decl.

39. On February 3, 2006, the DOE Office of Appeals and Review considered plaintiff's request for review of the discontinuance of her probation. See id.

40. On or about February 6, 2006, plaintiff was placed on the DOE's Ineligible/Inquiry list, as plaintiff's probationary service had been discontinued. See Letter from Lawrence Becker, Senior Deputy Executive Director, Division of Human Resources, Exhibit "X" to the McKenna Rodriguez Decl.

41. On or about March 20, 2006, plaintiff filed a federal suit against the New York City Department of Education, Paul Robeson High School, Ira Weston and Barbara Gatti, alleging that she had been discriminated against on account of her race, age, national origin and religion. See Complaint, Exhibit "3" to the Walker-Diallo Decl. By order dated December 8, 2006, plaintiff's complaint was dismissed under Rule 12(b)(6). See Order, Exhibit "4" to the Walker-Diallo Decl.

42. On or about March 28, 2006, plaintiff filed a second charge of discrimination with the EEOC alleging that she was retaliated against for filing a previous charge of discrimination. See Exhibit "7" to the Walker-Diallo Decl.

43. On July 11, 2006, based upon the evidence presented at the February 3, 2006 hearing, Dr. Jacqueline Peek-Davis, Community Superintendent, reaffirmed the decision to discontinue plaintiff's probationary service. See Letter, Exhibit "AA" to the McKenna Rodriguez Decl.

44. By letter dated August 3, 2006, pursuant to Chancellor Regulation C-31, Andres Alonso, Deputy Chancellor of Teaching and Learning, sustained the Committee's recommendation to terminate plaintiff's New York City Department of Education certificate/license. See Letter, Exhibit "BB" to the McKenna Rodriguez Decl.

45. On or about August 30, 2006, the EEOC issued a Right to Sue Letter concerning plaintiff's retaliation claims and found that there "is no indication of a violation of any law enforced by the EEOC." See EEOC Right to Sue Letter, Exhibit "8" to the Walker-Diallo Decl.

46. Plaintiff filed this instant action on or about November 15, 2006 alleging that she was retaliated against for filing EEOC complaints in April 2005 and March 2006. See Compl., Exhibit "1" to the Walker-Diallo Decl.

**B. Plaintiff's Claims**

47. Plaintiff alleges that she was retaliated against when her probationary service was discontinued and when her New York City teaching license was revoked because she filed an EEOC charge of discrimination in April 2005 and March 2006. See Pl. Tr. 127:10-14, Exhibit "2" to the Walker-Diallo Decl.

48. She also alleges that she was retaliated against because she appealed her unsatisfactory rating. See 129:20-23.

49. Plaintiff testified that she believes that Dr. Jacqueline Peek-Davis, not Principal Weston, retaliated against her by discontinuing her probationary service. See id. at 128:7.

50. When asked why plaintiff believes she was retaliated against, plaintiff stated: "All I know is that it was retaliation...just for being who I am." See id. at 136:4-10.

Dated: New York, New York
July 15, 2008

                                            **MICHAEL A. CARDOZO**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-140
New York, New York 10007
Telephone: (212) 788-0868
Email: cwalker@law.nyc.gov

By: _____
    Carolyn Walker-Diallo
    Assistant Corporation Counsel

TO: **DENISE P. JACKSON**
     Plaintiff *Pro Se*
     312 Portsmouth Drive
     Slidell, LA 70460

06 CV 6173 (ENV) (LB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DENISE P. JACKSON,

                              Plaintiff,

- against -

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.

## DEFENDANT'S 56.1 STATEMENT OF UNDISPUTED FACTS

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-140
New York, N.Y. 10007-2601

Of Counsel: Carolyn Walker-Diallo
Tel: (212) 788-0868

NYCLIS No. 2006-013336

*Due and timely service is hereby admitted.*

New York, N.Y. ...................................., 2008

Signed: ........................................................

Attorney for ................................................